**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                   :    Chapter 11
                                                         :
Nine West Holdings, Inc.., *et al.*,                     :    Case No. 18-10947 (SCC)
                                                         :
                    Debtors.                             :    (Jointly Administered)
-----------------------------------------------------------X
Nine West Holdings, Inc. and Nine West                   :
Development LLC,                                         :
                                                         :
                                                         :    Adv. Proc. No. 19-01117 (SCC)
                    Plaintiffs,                          :
                                                         :
         - against -                                     :
                                                         :
Retail Group S.A.L.,                                     :
                                                         :
                    Defendant.                           :
-----------------------------------------------------------X

**MEMORANDUM DECISION DENYING DEFENDANT'S
MOTION TO DISMISS FOR *FORUM NON CONVENIENS***

**A P P E A R A N C E S:**

KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
601 Lexington Avenue
New York, New York 10022
      James H.M. Sprayregen, Esq.
      Christopher J. Marcus, Esq.

300 North LaSalle Street
Chicago, Illinois 60654
      James A. Stempel, Esq.
      Joseph M. Graham, Esq.

609 Main Street
Houston, Texas 77002
      Anna G. Rotman, Esq.
      Jamie Aycock, Esq.
      Tabitha J. De Paulo, Esq.
            Of Counsel

*Counsel to the Plaintiffs*

ORORUS ADVISORS  
Dekwaneh - Sin El Fil  
Mirna Chalouhi Highway  
Aramex Center Building, 3rd Floor  
Beirut, Lebanon  
      Magda Christina Farhat, Esq.  
           Of Counsel

*Counsel to the Defendant*

**SHELLEY C. CHAPMAN**  
**United States Bankruptcy Judge**

Before the Court is defendant's *Motion to Dismiss for* Forum Non Conveniens *on Behalf of Retail Group S.A.L.*, dated July 5, 2019 ("Motion to Dismiss") (Doc. No. 13).[1]  Retail Group S.A.L. ("Defendant") seeks dismissal of the Complaint, dated April 12, 2019 ("Complaint") (Doc. No. 1), on the basis of the doctrine of *forum non conveniens*, asserts that Lebanon is a more appropriate and convenient forum for this litigation, and argues that public and private interests weigh in favor of dismissal.  (Motion to Dismiss, p. 2.)  Nine West Holdings, Inc. and Nine West Development LLC (the "Plaintiffs," and together with the Defendant, the "Parties") oppose this request.  (*See Plaintiffs' Response to Defendant's Motion to Dismiss for* Forum Non Conveniens, dated July 19, 2019 ("Opposition") (Doc. No. 14).)  Defendant did not file a reply, and neither party has requested a hearing on the Motion to Dismiss.  For the reasons that follow, the Motion to Dismiss is denied.

---

[1]     References to "Doc. No." refer to docket numbers in this adversary proceeding.

2

## BACKGROUND[2]

*A.    The Complaint*

Plaintiff Nine West Development LLC is a Delaware limited liability company with its principal place of business in New York, New York. Plaintiff Nine West Holdings, Inc. is a Delaware corporation with its principal place of business in New York, New York. Both Plaintiffs were debtors in the above-referenced chapter 11 cases pending in this Court. Defendant Retail Group S.A.L. is a Lebanese corporation with its principal place of business in Beirut, Lebanon.

Plaintiffs and Defendant entered into a Distribution and License Agreement ("Agreement") on July 1, 2016. (Complaint, Ex. A.) The Agreement is 44 pages long, excluding exhibits, and by its terms, Plaintiffs appointed Defendant as their "exclusive distributor both at wholesale and through retail stores in Lebanon of women's footwear, handbags, and small leather goods bearing the Nine West trademark" and their non-exclusive distributor at wholesale and retail stores in Lebanon of "certain non-exclusive footwear and non-footwear products." (Complaint ¶ 9.) The Agreement grants the Defendant the right to use certain Nine West trademarks in Lebanon. (*Id*. ¶ 10.)

Plaintiffs assert that Defendant has refused to make payment on outstanding invoices issued between May 25, 2017, and July 16, 2018, for products purchased by and delivered to Defendant under the Agreement, with a total of $1,058,667.07 outstanding. (*Id*. ¶ 11.) Under the Agreement, Defendant was required to establish a standby letter of credit sufficient to cover all amounts payable to Plaintiffs during each "Selling Season" (as defined in the Agreement), (*id*.

---

[2] The facts herein are taken from the Complaint, read in the light most favorable to the Plaintiffs. They do not constitute findings of the Court.

¶ 13 (citing Agreement § 8.2.3)), but this letter of credit has expired. (*Id.* ¶ 14.) The Agreement was assumed and assigned to Authentic Brands Group LLC, on July 3, 2018, in connection with the sale of the "Nine West" brand and certain other assets; in connection with the sale, Plaintiffs retained the right to receive payment for products sold to Defendant pursuant to the Agreement prior to the closing of that sale, which includes the products and invoices at issue here. (*Id.* ¶ 14, n. 2)

The Complaint asserts one count for breach of contract. Plaintiffs aver that the Agreement is a valid and binding contract, that the Plaintiffs have at all times fully performed their obligations under the Agreement, and that the Defendant's failure to pay the amounts due is a breach of the Agreement. (*Id.* ¶¶ 18-20.) Plaintiffs seek damages in the amount of $1,058,667.07, "plus late payment interest and reasonable collection costs, including attorney's fees and expenses." (*Id.* ¶ 21.)

*B.    The Agreement*

The Agreement is attached to the Complaint as Exhibit A. Several provisions are particularly relevant to the Motion to Dismiss before the Court. First, the Agreement contains a "split" forum selection clause in which the Plaintiffs on the one hand, and the Defendant, on the other hand, agreed to different forum selection language. Pursuant to Section 17.1, Plaintiffs agree that actions arising out of or relating to the Agreement "may be instituted in the courts of the State of New York or of the United States of America for the Southern District of New York" and submits "generally and unconditionally to the exclusive jurisdiction of the aforesaid courts." (Agreement § 17.1.) The forum selection clause to which the Defendant agreed, however, provides as follows:

> [Defendant] . . . hereby irrevocably (a) agrees that any legal or equitable action, suit or proceeding arising out of or relating to this Agreement . . . or for recognition and

4

> enforcement of any judgment in respect hereof brought by [Plaintiffs] . . . may be instituted in the courts of the State of New York of the [(sic)] United States of America for the Southern District of New York *or in the competent courts located in [Lebanon]*, and (b) submits with regard to any such action, suit or proceeding . . . generally and unconditionally to the exclusive jurisdiction of the aforesaid courts.

(*Id*. (emphasis added).)

Plaintiffs as well as Defendant further agreed to waive various defenses:

> Each of the parties . . . hereby irrevocably waives, and agrees not to assert . . . (a) any claim that it is not personally subject to the jurisdiction of the above-named courts . . . (b) that it or its property is exempt or immune from jurisdiction of any such court or from any legal process commenced in such courts . . . and (c) to the fullest extent permitted by applicable law, that (i) the action, suit or proceeding in any such court is brought in an inconvenient forum, (ii) the venue of such action, suit or proceeding is improper and (iii) this Agreement, or the subject matter hereof, may not be enforced in or by such courts.

(*Id*. § 17.2.) The Defendant specifically agreed that "a final judgment in any such action, suit or proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law." (*Id*. § 17.5.)

The Agreement is governed by New York law. It provides that both the "Agreement and the relationship between the Parties shall be governed by and construed in accordance with the law of the State of New York applicable to agreements made and to be performed within such State and without giving effect to any conflict of law principles which would result in the application of the laws of any other jurisdiction." (*Id*. § 19.22.)

C. *The Motion to Dismiss*

Defendant argues that the Complaint should be dismissed on the basis of *forum non conveniens*, declaring that (a) Defendant is a foreign entity with no ties to the United States; (b) an adequate alternative forum exists in Lebanon; and (c) the balance of private and public interest factors support dismissal. The Defendant makes several principal arguments in support of dismissal. First, Defendant asserts that the pursuit of litigation in this Court would be a waste

5

of judicial and party resources, because even if judgment were entered in favor of Plaintiffs, it would be unenforceable in Lebanon. Lebanon's Decree-Law No. 34/67 of August 5, 1967[3] applies to commercial representation agreements, such as the Agreement, and provides that notwithstanding any agreement to the contrary, the courts of the place where the representative conducts its activity (*i.e.*, Lebanon) will have jurisdiction over all disputes. Defendant asserts that this law will prevent any court in Lebanon from recognizing a foreign judgment in this matter and points out that it has assets in Lebanon, not in the United States. (Motion to Dismiss, pp. 3-6.)

Second, Defendant asserts that private interest factors weigh in favor of dismissal, pointing out that the majority of witnesses and documents relevant to this action are currently located in Lebanon. Defendant asserts that it intends to file a counterclaim for material breach of contract, the "evidence" of which is defective products currently located in warehouses in Lebanon. These products, Defendant asserts, cannot be moved to the United States, and the court presiding over the litigation should have the opportunity to view them. Furthermore, most of the witnesses speak Arabic as their native language and would require translators to testify in the United States, which would increase the time and cost of litigation here. (Motion to Dismiss, p. 5.)

Third, Defendant asserts that public interest factors also support dismissal. Because the witnesses are located in Lebanon and speak Arabic, Defendant argues that the burden on this Court to hear the case would be "extreme." Defendant also implies that it will be bringing its

---

[3]  Although discussed by both parties, neither has provided the Court with an English translation of the cited provision of Lebanese law. The Defendant has provided copies of its Lebanese registration documents, which are written in both English and Arabic. (Motion to Dismiss, Ex. A.)

6

claims against Plaintiffs in Lebanon, and dismissal is favored in order "to avoid duplicative litigation and inconsistent outcomes." (Motion to Dismiss, pp. 6-7.)

D.     *Plaintiffs' Opposition to the Motion to Dismiss*

Plaintiffs oppose the Motion to Dismiss, arguing that the forum selection provisions in the Agreement create a presumption in favor of this forum, that the public interest factors weigh in favor of this Court deciding the case, and noting that even if the Court were to consider the private interest factors they point to New York as the appropriate forum. First and foremost, Plaintiffs assert that the Defendant agreed to a valid forum selection clause in the Agreement, which grants exclusive jurisdiction to, among others, the courts of the "United States of America for the Southern District of New York." (Opposition, p. 4.) Plaintiffs argue further that Defendant consented to jurisdiction in this Court and waived the right to assert that this action was "brought in an inconvenient forum," and that the forum selection clause in the Agreement creates a presumption in favor retaining jurisdiction over this action. (*Id*.) Plaintiffs assert that Defendant has identified no factors that would support contravening the forum selection clause. (*Id*., pp. 6-7.) Third, Plaintiffs argue that the public interest factors weigh in favor of this forum — *i.e.*, the Agreement is governed by New York law, New York has a substantial local interest in the dispute, and the case involves a "simple breach of contract" that will not unduly burden the Court. (*Id*., pp. 7-8.)

Finally, Plaintiffs assert that although the Court should not consider private interest factors, these factors also weigh in favor of this forum. While Defendant asserts that its documents and evidence are located in Lebanon, Plaintiffs' documents and evidence are located in New York, and in any event, the relevant documents can be produced electronically, and are thus easily accessible anywhere. While Arabic-speaking Lebanese witnesses might incur costs

7

to travel to New York and require a translator to testify, the same costs would be incurred by English-speaking New York witnesses should they be required to testify in Lebanon. Moreover, the Agreement and the communications between the parties were conducted in English. (*Id*. pp. 9-11.)

Finally, Plaintiffs argue that the potential enforceability of a judgment is not universally considered by courts in a *forum non conveniens* analysis, but that when it is, it is one of the private interest factors. Where, as here, a valid forum selection clause exists, courts do not consider private interest factors. Moreover, Plaintiffs assert that "[Defendant]'s argument that this Court's judgment could not be enforced in Lebanon is incorrect," because the Agreement "has not been registered in the [Lebanese] Commercial Register." (*Id*., pp, 11-12.) Plaintiffs cite no authority for this statement but state in a footnote that they have retained Lebanese counsel "to opine on the Lebanese law issues raised." (*Id*., p. 12, n. 5.)

**DISCUSSION**

*A.    Applicable Law*

The decision to grant or deny a motion to dismiss on the basis of *forum non conveniens* "lies wholly within the broad discretion of the district court . . . ." *Scottish Air Int'l, Inc. v. British Caledonian Grp., PLC*, 81 F.3d 1224, 1232 (2d Cir. 1996). When faced with a defendant's motion to dismiss based on *forum non conveniens*, federal courts assess: "(1) the deference to be accorded the plaintiff's choice of forum; (2) the adequacy of the alternative forum proposed by the defendants; and (3) the balance between the private and public interests implicated in the choice of forum." *Fasano v. Yu Yu*, 921 F.3d 333, 335 (2d Cir. 2019) (citation omitted). Federal courts have discretion to dismiss a case on *forum non conveniens* grounds when an alternative forum has jurisdiction to hear the case, trial in the chosen forum would prove

8

oppressive and vexatious to a defendant out of all proportion to plaintiff's convenience, or the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007) (citations omitted). A federal court considering whether to dismiss a suit in favor of litigation in a foreign forum normally considers both private interest factors[4] and public interest factors.[5]

However, this analysis changes "when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 63 (2013) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)). Enforcing valid forum-selection clauses bargained for by the parties "protects their legitimate expectations and furthers vital interests of the justice system." *Id.* (citation omitted). Although the existence of a forum-

---

[4] The relevant private interest factors are described as follows:

> An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility [sic] of a judgment if one is obtained.

*Am. Dredging Co. v. Miller*, 510 U.S. 443, 448 (1994) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

[5] The public interest factors that a court should consider are described as follows:

> Factors of public interest also have [a] place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Id.* at 448–49 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. at 508-09).

selection clause does not end the analysis, a party "bears a heavy burden in overcoming a presumptively enforceable forum selection clause," and except in "the most unusual cases the interest of justice is served by holding parties to their bargain." *Martinez v. Bloomberg LP*, 740 F.3d 211, 219 (2d Cir. 2014) (internal citations and quotation marks omitted).

Courts analyzing a contractual forum selection clause must first ask: "(1) whether the clause was reasonably communicated to the party resisting enforcement; (2) whether the clause is mandatory or permissive, *i.e.*, whether the parties are required to bring any dispute to the designated forum or simply permitted to do so; and (3) whether the claims and parties involved in the suit are subject to the forum selection clause." *Id.* at 217 (internal citations and quotation marks omitted). If the forum selection clause at issue "was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable" and the presumption can only be overcome by "making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id.* (quoting *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007) (in turn, quoting *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15 (1972))).

Forum selection clauses generally fall into two categories. A permissive forum selection clause confers jurisdiction in the designated forum, guaranteeing that there will be at least one available forum for any dispute, but does not bar a plaintiff from choosing another forum, "if jurisdiction there is otherwise appropriate." *Phillips v. Audio Active Ltd.*, 494 F.3d at 386. By contrast, a mandatory forum selection clause requires disputes under the contract to be litigated in a particular forum. *Id.* Where, as here, a forum selection clause is paired with "a waiver of any claims of *forum non conveniens*," the "combination of these clauses amounts to a mandatory

10

forum selection clause at least where the plaintiff chooses the designated forum." *Aguas Lenders Recovery Grp. v. Suez, S.A.*, 585 F.3d 696, 700 (2d Cir. 2009).

Where a presumptively valid mandatory forum selection clause exists, the *forum non conveniens* analysis is modified. The "usual tilt in favor of the plaintiff's choice of forum gives way to a presumption in favor of the contractually selected forum." *Fasano v. Yu Yu*, 921 F.3d at 335 (quoting *Martinez v. Bloomberg LP*, 740 F.3d at 218 (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. at 12)). In addition, in such a circumstance, a court "must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Atl. Marine*, 571 U.S. at 64.

The question before the Court is whether the forum selection clause is mandatory, and if so, whether Defendant can carry its heavy burden and overcome the presumption in favor of its enforcement. While the Defendant has identified an adequate alternative forum (Lebanon) and has addressed both private and public interest factors that support dismissal in favor of litigation in Lebanon, it has entirely failed to address the contractual forum selection clause in the Agreement. Plaintiffs have argued, persuasively, that the forum selection clause is presumptively enforceable and that Defendant has not raised any arguments that would overcome the presumption that this litigation should remain in New York.

B.      *The Forum Selection Clause is Mandatory and Presumptively Enforceable*

      1.      *The Forum Selection Clause was Reasonably Communicated to the Defendant*

Plaintiffs assert, and Defendant does not dispute, that the clause was reasonably communicated to the Defendant. (Opposition, p. 5.) The Agreement on its face reflects input by both Parties. It contains detailed financial terms (*i.e.*, Agreement, arts. 7, 9, 10) and provisions outlining the particulars of each of the Parties' affirmative obligations under the Agreement. (*E.g.*, *id.*, arts. 5-6.) Each page contains the Parties' initials, and at least one mistake in

11

numbering suggests that the Agreement was modified from its original form. (*See id.*, §§ 19.17 (first) & 19.17 (second), on pages 43 and 44.) It also seems apparent, based on the differences between the clause applicable to the Defendant and the clause applicable to the Plaintiffs, that the clause *itself* was modified during negotiations over the Agreement. (*Id.*, § 17.1.) In any event, and without making any factual findings, it is clear that the Agreement is not the sort of form agreement printed on the back of a ticket that has been challenged in prior cases. *See, e.g.*, *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991).

        2.       *The Forum Selection Clause is Mandatory under these Circumstances*

The forum selection clause here does not fit neatly into the mold of other forum selection clauses. First of all, each of the Parties has agreed to different forum selection clauses. As the Complaint asserts a claim against the Defendant, and the Defendant has yet to assert claims against the Plaintiffs in any forum, the relevant provision here is the provision agreed to by the Defendant. In this provision, the Defendant has consented "generally and unconditionally to the exclusive jurisdiction" of three court systems: state courts in New York, federal courts in the Southern District of New York, and the courts of Lebanon. (Agreement, § 17.1.) Defendant also waives the right to argue that any action brought in "any such court" is "brought in an inconvenient forum." (*Id.*, § 17.2.)

The forum selection clause in the Agreement is similar to the clause in *Aguas Lenders Recovery Grp. v. Suez, S.A.*, 585 F.3d 696 (2d Cir. 2009). In that case the parties agreed to a particular court that could have jurisdiction and waived their rights to challenge a case filed in that court on the basis of *forum non conveniens*. The Second Circuit concluded that when the plaintiff sued in that court, under those circumstances the forum selection clause was mandatory. Here, the parties agreed to the mandatory jurisdiction of multiple courts and waived their rights

12

to challenge a suit filed in those courts on the basis of *forum non conveniens*. The Plaintiffs filed the Complaint in one of the pre-agreed jurisdictions. Accordingly, by the terms of the Agreement, Defendant agreed not to challenge this choice as an inconvenient forum. The plain meaning of these clauses in the Agreement dictates that the forum selection clause, under these circumstances, is mandatory.

        *3.     The Claims and Parties in this Dispute are Subject to the Forum Selection Clause*

The forum selection clause applies to "any legal or equitable action, suit or proceeding arising out of or relating to this Agreement (or any transaction contemplated hereby or the subject matter of any of the foregoing)." (Agreement § 17.1.) The Plaintiffs bring one claim in the Complaint for breach of the Agreement, namely for non-payment. The Defendant and both Plaintiffs are signatories to the Agreement. Accordingly, the claims and parties here are subject to the forum selection clause.

**C.    Can the Presumption be Overcome?**

        *1.     Public Interest Factors Do Not Favor Dismissal*

Public interest factors that courts must consider in a *forum non conveniens* analysis include the burden on courts when litigation is brought in a place with no relation to the litigation, the local interest in having local controversies decided at home, and the burden on a court having to apply law foreign to it.[6] The only public interest factor identified by the Defendant is the burden on this Court of litigating Defendant's anticipated claims against the Plaintiffs for breach of conduct, which would require witnesses that are located in Lebanon and speak Arabic. These claims are hypothetical at this point. Defendant has not filed any claims

---

[6] The Parties waived the right to a trial by jury in the Agreement, so the potential burden on local juries is irrelevant in this case.

13

against the Plaintiffs in this or any other forum. This Court has previously conducted trials with witnesses testifying through translators, and the process is not unduly burdensome to the Court. This is not the type of case where *all* of the witnesses speak a foreign language or are located in a foreign jurisdiction, or where the dispute has no connection to the chosen forum. The Plaintiffs' principal place of business is New York, the Agreement is governed by New York law, and the Plaintiffs' chapter 11 cases proceeded in this Court. While Lebanon may have an interest in the dispute, so does New York. Accordingly, the balance of public interest factors does not weigh in favor of dismissal.

    2.  *Private Interest Factors Do Not Apply, and In Any Event, Do Not Support Dismissal*

The existence of a mandatory forum selection clause generally requires that the Court deem that private interest factors weigh in favor of the pre-selected forum. However, even assuming, *arguendo* that this were not the case, the balance of these factors does not support dismissal here. Private interest factors include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gulf Oil Corp. v. Gilbert*, 330 U.S. at 508-09.

The Defendant argues that various private interests weigh in favor of dismissal, which are follows. First, the majority of witnesses are located in Lebanon. The Lebanese witnesses speak Arabic, would require a translator to testify in the United States, and would have to take on the burden of travel to New York to do so.[7] Second, the allegedly defective products that support

---

[7] This decision is being issued during the worldwide COVID-19 pandemic, during which international travel of virtually any kind is impossible. Nonetheless, this Court remains open and operational remotely. Proceedings in this Court will be conducted telephonically until such time as the courthouse reopens to the public and it is determined that in-person operations pose no threat to public health and safety.

14

their anticipated counterclaim are located in Lebanon, cannot be physically moved, and the court presiding over the action should be able to "access the premises where the products are received to decide on the matter." Third, any judgment obtained here would be unenforceable in Lebanon, so any litigation in this Court would be wasteful and inefficient.

The first two interests relate to hypothetical counterclaims that have not been asserted. Nevertheless, the Plaintiffs' anticipated witnesses are English speakers located in New York. It would be equally inconvenient to either party to have to litigate in a foreign forum, in a foreign language. Defendant also asserts that physical evidence located in Lebanon cannot be brought to the United States but does not explain why this would be the case. Presumably this merchandise was once shipped to Lebanon and could be shipped from Lebanon. The only private interest factor that gives this Court pause is the question of whether any judgment entered here would be unenforceable as a practical matter. However, this Court lacks foreign law expert opinions, translated Lebanese court decisions, or even a translated version of the law in question. Both parties have simply made general statements about foreign law and its potential impact on enforceability of a judgment. Therefore, this factor can be afforded little weight. Accordingly, even if this Court were to weigh the private interest factors, they do not weigh in favor of dismissal.

    *3.    Enforcement Would Not Be Unreasonable or Unjust*

The Defendant has not presented any reasons why it would be unreasonable or unjust to enforce the forum selection clause contained in the Agreement and allow the case to proceed in this forum. To the contrary, it is reasonable and just to hold the parties to the bargain they struck in the Agreement.

15

The Court has considered the Defendant's remaining arguments and has determined that they lack merit.  Accordingly, the Motion to Dismiss is denied.  The Parties are directed to submit an order consistent with this Memorandum Decision and to contact the Court to schedule a telephonic pre-trial conference in this adversary proceeding.

SO ORDERED.

Dated: April 10, 2020
New York, New York

                                        /S/ Shelley C. Chapman
                                        United States Bankruptcy Judge